**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBIN M. LEE,

    Plaintiff,

v.

CITY OF LAS VEGAS et al.,

    Defendants.

2:14-cv-214-RCJ-NJK

**SCREENING ORDER**

Plaintiff, who is currently incarcerated at the Honolulu Federal Detention Center, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 11). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

2

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  SCREENING OF COMPLAINT

In the complaint, Plaintiff sues Defendants City of Las Vegas and L.V. Metro Police Chief/Warden for events that took place while Plaintiff was incarcerated at the City of Las Vegas Detention Center. (ECF No. 1-1 at 1). Plaintiff alleges that he was arrested on April 17, 2013 and released on April 22, 2013 and then arrested again on June 17, 2013. (*Id.* at 3). Plaintiff alleges that the Chief of Las Vegas Metro Police Department and/or Warden and his staff had violated Plaintiff's Fourth Amendment rights to privacy when they subjected Plaintiff to a strip search. (*Id.* at 4). Plaintiff alleges that he was wrongfully incarcerated and that his Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment rights were violated. (*Id.*). Plaintiff alleges one count and seeks monetary damages. (*Id.* at 4, 7).

The Court finds that Plaintiff fails to state a claim. Generally, strip searches do not violate the Fourth Amendment rights of prisoners. *See Michenfelder v. Sumner*, 860 F.2d 328, 332-33 (9th Cir. 1988). However, strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional. *Id*. at 332. Based on Plaintiff's allegations, Plaintiff was strip searched once while at the City of Las Vegas Detention Center. As such, Plaintiff fails to allege a Fourth Amendment violation. To the extent that Plaintiff is attempting to allege Eighth, Thirteenth, and Fourteenth Amendment claims, the Court finds no allegations to support such claims. The Court dismisses this case with prejudice, as amendment would be futile.

**III.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 11) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint is dismissed with prejudice in its entirety, as amendment would be futile, for failure to state a claim.

IT IS FURTHER ORDERED that dismissal of this case constitutes a strike under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The clerk of the court shall enter judgment accordingly.

Dated this 28th day of May, 2014.

_____
United States District Judge